IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


FILED
AUG 29 2014
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| ZW USA INC., a California Corporation, | )<br>)<br>) |
| Plaintiff, | ) 4:14CV001500 CEJ<br>) |
| v. | ) Civil Case No. _____<br>) |
| PWD SYSTEMS, LLC, a Missouri Limited Liability Company. | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

Plaintiff ZW USA INC. (hereinafter "plaintiff"), by and through his counsel, alleges as its complaint against PWD SYSTEMS, LLC (hereinafter referred to as "defendant") as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement under the Lanaham Act 15 U.S.C. § 1051, *et seq.*, common law trademark infringement, and unfair competition under state and common law.

### THE PARTIES

2. Plaintiff ZW USA INC. is a California corporation with an office in San Diego, California.

3. Defendant PWD SYSTEMS, LLC is a Missouri limited liability company with an address at 9648 Olive Boulevard, Box 313, St. Louis, MO 63132.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over defendant because defendant resides in the Eastern District of Missouri. Further, on information and belief, the defendant systematically and continuously direct business activities toward and into the Eastern District of Missouri through sales, marketing and advertising on its publicly accessible and interactive Internet website BagSpot.com.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b) because defendant resides in the district and a substantial part of the events or omissions giving rise to the claims herein occurred in this district and defendant has significant, substantial and continuous contacts with the district.

## FACTS

7. Plaintiff ZW USA INC. is a company in the business of selling pet waste disposal products and services under the trademarks and designations ONEPUL, SINGLPUL and ZERO WASTE USA. Attached hereto as **Exhibit A** is a true and exemplary use of plaintiff's use of the trademark ONEPUL and SINGLPUL for pet waste bags.

8. Plaintiff is the owner and registrant of California State Trademark Registrations Nos. 115,353 and 115,354 for ONEPUL and SINGLPUL, respectively.

9. Plaintiff is also the owner of U.S. Trademark Registration Nos. 4,581,881 for ONEPUL and 4,581,879 for SINGLPUL. Attached hereto as **Exhibit B** are true and correct copies of plaintiff's registrations.

10. Defendant PWD SYSTEMS, LLC ("BagSpot") is also in the business of selling pet waste disposal products and services. Defendant has adopted the mark and designation ONE-PULL for pet waste bags.

11. Plaintiff has used the ONEPUL trademark prior to any use of ONE-PULL by defendant. Attached hereto as **Exhibit C** is a invoice evidencing plaintiff's use dating back to at least as early as October 2010.

12. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the ONEPUL, SINGLPUL, and ZERO WASTE USA trademarks. As a result, products bearing the trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from plaintiff, and have acquired strong secondary meaning. The trademarks have been in continuing use and have never been abandoned.

13. Since long before defendant's use of the ONE-PULL designation, plaintiff's use has become distinctive and identified exclusively with plaintiff and plaintiff's goods and services. Attached hereto as **Exhibit C** is a true and exemplary use of defendant's use of the designation ONE-PULL for pet waste bags.

14. Defendant's use of the ONE-PULL trademark is confusingly similar to plaintiff's ONEPUL and SINGLPUL trademarks.

15. Additionally, defendant is purchasing plaintiff's trademarks as keywords from paid keyword search advertisers, such as Google Inc.

16. Defendant's purchase of the keywords constitutes a use in commerce and causes initial interest confusion among consumers. Defendant uses the keywords to misdirect and divert consumers seeking plaintiff's products to defendant's website.

3

17. Defendant has no license or authorization to use plaintiff's trademarks.

18. Defendant's use of the ONE-PULL trademark is to drive potential consumers of plaintiff's goods and services to defendant's respective websites and away from plaintiff's websites.

19. Plaintiff is suffering irreparable injury, has suffered substantial damages as a result of defendant's activities, and has no adequate remedy at law.

## CLAIMS FOR RELIEF
### First Claim for Relief
**(Trademark Infringement)**

20. Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 19 the complaint as though fully set forth herein.

21. Defendant's use of the ONE-PULL designation and plaintiff's trademarks has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's service.

22. By reason of the foregoing and upon information and belief, defendant has violated the Lanham Act (15 U.S.C. § 1114) by using, in connection with its goods and advertisements, trademarks which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and/or advertisements.

23. By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this court against defendant.

4

### Second Claim for Relief
### (State Law Unfair Competition, Mo. Rev. Stat. § 417.061)

24.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 23 the Complaint as though fully set forth herein.

25.     Defendant's acts as set forth herein constitute unfair competition as defined in Mo. Rev. Stat. § 417.061, all to the damage of plaintiff as previously alleged.

### Third Claim for Relief
### (Common Law Trademark Infringement)

26.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 25 of the complaint as though fully set forth herein.

27.     Defendant's acts as set forth herein constitute trademark infringement as defined by Missouri common law, all to the damage of plaintiff as previously alleged.

### Fourth Claim for Relief
### (Common Law Unfair Competition)

28.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 27 of the complaint as though fully set forth herein.

29.     Defendant's acts, as set forth above, constitute unfair competition as defined by Missouri common law, all to the damage of plaintiff as previously alleged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against defendant for the following:

A.     Defendant, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

      i. infringing plaintiff's trademarks;

      ii. using any designation confusingly similar to plaintiff, including without limitation ONE PULL, ONEPUL, SINGLEPUL and ZERO WASTE USA;

      iii. competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights; and

      iv. conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B. Defendant file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant has complied with the provisions of subparagraphs (A) and (B) above.

C. Plaintiff recovers all damages he has sustained as a result of defendant's infringement.

D. An accounting be directed to determine defendant's profits resulting from their infringement and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

E. Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

F. Plaintiff be awarded his reasonable attorneys' fees for prosecuting this action.

G. Plaintiff recovers his costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H. Plaintiff receives all other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Dated: August 26, 2014                    **MANDOUR & ASSOCIATES, APC**

Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff,
ZW USA INC.